UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARREN HEINZMAN, | |
| Petitioner, | |
| v. | CAUSE NO. 3:21-CV-577-JD-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Darren Heinzman, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC-20-11-190) at the Westville Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking conspiracy in violation of Indiana Department of Correction Offense 111/113. Following a hearing, he was sanctioned with the loss of eighty days earned credit time.

Heinzman argues that he is entitled to habeas relief because the administrative record contained insufficient evidence to support a finding of guilt.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he searched Heinzman's bed area and found notes concealed within his blankets that explained how to move contraband between various locations within the correctional facility. ECF 12-1. The administrative record also included photographs of the notes. ECF 14. That Heinzman retained and concealed multiple notes concerning a trafficking scheme in his blankets suggests his agreement with the plan and intent to execute it. The conduct report and the photographs thus constitute some evidence that Heinzman committed the offense of trafficking conspiracy. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Heinzman argues that he is entitled to habeas relief because the hearing officer did not allow him to present the confiscated note or the testimony of Officer Dotson. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* Contrary to Heinzman's assertion, the administrative record contained photographs of the confiscated note. ECF 14. Further, the administrative record contains no indication that Heinzman requested Officer Dotson as a witness prior to the hearing. Even if he had, Heinzman does not describe how Officer Dotson would have testified or explain how it would have affected the

outcome of the disciplinary hearing. Therefore, this argument is not a basis for habeas relief.

Heinzman argues that he is entitled to habeas relief because he received inadequate notice of the disciplinary charges against him. He states that the administrative record contains no evidence indicating that he was given twenty-four hours' notice of these charges. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). Contrary to Heinzman's assertion, the administrative record includes the screening report and the conduct report, each signed by Heinzman, which indicate that Heinzman had been charged with attempted trafficking under offense numbers 111 and 113 and that he received the conduct report nearly three weeks prior to the disciplinary hearing. ECF 12-1; ECF 12-3. Therefore, the claim that Heinzman received inadequate notice is not a basis for habeas relief.

Heinzman argues that he is entitled to habeas relief because he did not attend the disciplinary hearing. He states that he "denied the threat to the security and facility to attend the hearing documented on the hearing report form" and that he "never signed any state form to receive a pass to attend the DHB hearing." The administrative record includes documents indicating that Heinzman received a pass to attend the hearing but that he refused to attend. ECF 12-5. Contrary to Heinzman's assertion, the hearing report does not include any documentation of a threat to the security of the facility, and it is unclear how the absence of a signed state form to receive a pass amounts to a denial

of the right to attend the hearing. Therefore, the claim that Heinzman did not attend the hearing is not a basis for habeas relief.

In sum, Heinzman has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Heinzman wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Darren Heinzman leave to proceed in forma pauperis on appeal.

SO ORDERED on January 7, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT